E-FILED
Friday, 28 July, 2006 03:41:20 PM
Clerk, U.S. District Court, ILCD

AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District **Cehteral District Of Illinois** | | |
|---|---|---|---|
| Name **David Allen Greer** | Prisoner No. **N-72100** | | Case No. **06-4048** |

Place of Confinement

**Illinois River Correctional Center**

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| **David Allen Greer** | V. **Austin Scott Randolph** |

The Attorney General of the State of:  **Lisa Madigan**

## PETITION

1. Name and location of court which entered the judgment of conviction under attack  **Rock Island Illinois**
   **Fourteenth Judicial Circuit Court**

2. Date of judgment of conviction ___**July 9, 1999**___

3. Length of sentence___**50 years**___

4. Nature of offense involved (all counts) ___**1– Count of First Degree Murder**___

   _____

   _____

5. What was your plea? (Check one)
   (a) Not guilty          **XX**
   (b) Guilty              ☐
   (c) Nolo contendere     ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   _____

   _____

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury                ☒
   (b) Judge only          ☐

7. Did you testify at the trial?
   Yes ☒ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court  The Third Judicial district Appellate Court

(b) Result  Affirmed His Conviction

(c) Date of result and citation, if known  Nov. 30, 2004   No. 3-03-0704

(d) Grounds raised  Ineffective Assistance Of Counsel, Both Trial and Appellate

Counsel and Inadmissible Evidence of Gang Affiliation

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court  Supreme Court Of Illinois

(2) Result  Denied Leave To Appeal

(3) Date of result and citation, if known  Approx. March 29, 2006

(4) Grounds raised  Ineffective assistance Of Counsel, Both Trial And

Appellate Counsel, And Inadmissible Evidence of Gang Affiliation

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1) Name of court  N/A

(2) Result  N/A

(3) Date of result and citation, if known  N/A

(4) Grounds raised  N/A

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court  Rock Island 14th Judicial district

(2) Nature of proceeding  Post-Conviction Proceedings

(3) Grounds raised  Ineffective assistance Of Counsel, Both Trial and

Appellate Counsel

AO 241 (Rev. 5/85)

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☒  No ☐

(5) Result  Denied The Amended Post-Conviction Petition

(6) Date of result  August 18, 2003

(b) As to any second petition, application or motion give the same information:

(1) Name of court  Supreme Court Of Illinois

(2) Nature of proceeding  Petition For Leave To Appeall

(3) Grounds raised  Ineffective Assistance of Counsel, Both Trial And

Appellate Counsel, And Gang bias

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐  No ☒

(5) Result  Denied leave To appeal

(6) Date of result  March 29, 2006

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application, or motion?
(1) First petition, etc.      Yes ☒  No ☐
(2) Second petition, etc.    Yes ☒  No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.

CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A.  Ground one: _____ **SEE THE ATTACHED ARGUMENT** _____

_____

Supporting FACTS (state *briefly* without citing cases or law) _____

_____

_____

_____

_____

_____

_____

**SEE THE ATTACHED ARGUMENT**

B.  Ground two: _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

**THE PETITIONER WAS DEPRIVED OF HIS CONSTITUTIONAL
RIGHT TO A FAIR TRIAL AS GUARANTEED HIM UNDER THE
SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES
CONSTITUTION WHERE THE JURY WAS TAINTED WITH PREJUDI-
ICIAL GANG TESTIMONY.**

Prior to the petitioners Jury trial, the petitioners counsel, filed
a motion in limie to exclude any testimony relating to gangs, because
such testimony was not relevant to the trial. The trial Court granted
the motion and the trial proceeded. At the conclusion of the trial,
however, the judge allowed the statements of two witnesses to go
into the Jury room during it's deliberations. The petitioner Submits
that these statements only served to inflame the bias and prejudice
against the petitioner, who was a gang member.

During the Voir Dire Process
of the case the Jury was never probed about the bias and prejudice
of the Jury against Gang membership, so as to remove any perspective
Jurors who will not be able to impartially follow the Courts instru-
ctions and evaluate the evidence. The petitioner Submitts that he
has a Fundamental Right under the Due Process Clause to probe the
Jury to ensure an impartial Jury. Rosales-Lopez V. United States,
451 U.S. 182, 188, 101 S.Ct. 1629, 1634, 68 L.Ed. 2d. 22 (1981)
Where the Jury in the petitioners case was never probed as to their
bias or prejudices, and the testimonies of the two witnesses went
to the Jury was influenced by these testimonies and Consequently
prejudiced thereby. at any rate the petitioner is guaranteed an
impartial Jury who could fairly evaluate the Evidence and render a
verdict based upon the evidence rather than any outside influence
see Gardner V. Barnett, 175 F 3d. 580, 588 (7th Cir. 1999).

--6 --

citing <u>Morgan V. Illinois</u>, 504 U.S. 719, 729, 112 S.Ct. 2222, 119 L.Ed. 2d. 492 (1992). Here the petitioner has always maintained his innocence of the charges leveled against him. Wherefore, in the interest of Justice, this Court should grant Habeas Corpus relief to the petitioner in this case.

-- 7 --

**THE PETITIONER WAS DEPRIVED OF HIS RIGHTS TO THE
EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED HIM
UNDER THE 6th AND 14th AMENDMENTS TO THE UNITED
STATES CONSTITUTION WHERE:**

The defense Counsel at the petitioners Trial, After having properly
filed a Motion in Limine to keep out any prejudicial testimony
of any sort of Gang affiliation, since it was not relevant to the
issues to be tried at the petitioners trial. The defense Counsel
allowed the Statements of two witnesses to be admitted into evidence
without any objections from the defense counsel. Thereby waiving
the issue for Appellate Review. The petitioner, However submitts
that this testimony tainted the Jury and no doubt prejudiced the
Jurors against the petitioner because in their eyes, without proper
instructions from the Court, the Petitioner was a Standing Gang
member who must have done something wrong. Counsels failings may
have been the very cause of the finding of guilty in this case.
The petitioner sixth Amendment Rights Guarantees him a Counsel
who will bring to bare the Skills and knowledge, which would
render the trial a reliable testing process. The failure of the
Trial Counsel to object to the admission of these testimonies into
evidence rendered counsel's representation of the petitioner to be
objectively deficient, or having fell below the objective stantard
of reasonableness, and this deficient proformance so prejudiced
the petitioner that it deprived him of a fair trial, Especially
where the Illinois Courts have already recognized that there is a
wide spread hatred and bias against gangs see People V. Cruz, 164
Ill. App. 3d. 802, 115 Ill. Dec. 795, 578 N.E. 2d. 320 327 (1st Dist.
1987) ("In Chicago, as in every other large metropolitan Area, 'There
is a deep, bitter and wide spread prejudice against street gangs.")

-- 8 --

And since Society takes a very dim and undiscriminating view of Street Gangs there is a very real concern that Jurors may automatically see in gang membership the taint of Criminality. See Gardner V. Barnett, 175 F. 3d. 580, 589 (7th Cir. 1999).

The very fact that the defense counsel filed the Motion in limine, was evident of the fact that counsel was a ware of the prejudicial affect of any gang affiliation testimony, No matter how subtle, consequently counsel was obligated to ensure that he protected his client from this taint. Counsel did not and the petitioner was subsequently found guilty due to this fatal flaw. Wherefore, for the Foregoing reasons, the petitioner respectfully moves this Honorable Court to grant Habeas Corpus relief to the petitioner.

AO 241 (Rev. 5/85)

C. Ground three: _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

D. Ground four _____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐   No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing   **Mr. Richard Zimmer Attorney at Law**

**1608 8th St. P. O. Box  397 East Moline Illinois. 61244.**

(b) At arraignment and plea   **Mr. Richard Zimmer**

-- 10 --

AO 241 (Rev. 5/85)

(c) At trial ___**Mr. Richard Zimmer**_____

_____

(d) At sentencing ___**Richard Zimmer**_____

_____

(e) On appeal ___**Mr. Bruce Kirkham, Assistant Appellate defender**___
      **2010  Larkin Avenue Elgin, illinois.**

(f) In any post-conviction proceeding ___**Attorney Raymond S. Conklin**___
      **115 17th St Rock¡ Island, Illinois. 61201.**

(g) On appeal from any adverse ruling in a post-conviction proceeding ___**Raymond S. Conklin**___

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☑  No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐  No **XX**
(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

(b) Give date and length of the above sentence: ___**August 6th 1999 Sentenced To fifty Years**
      **In The I.D.O.C.**

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐  No ☒

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on
___7.25.06_____.
(date)

_____
Signature of Petitioner

11

# A P P E N D I X

1    IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
            ROCK ISLAND COUNTY, ILLINOIS
2                        GENERAL DIVISION

3

4    THE PEOPLE OF THE              )
     STATE OF ILLINOIS,             )
5                                   )
                                    )    No. 94 CF 649
6                                   )    POST CONVICTION HEARING
           vs.                      )
7                                   )
     DAVID ALLEN GREER,             )
8                                   )
              Defendant.            )
9

10

11        REPORT OF PROCEEDINGS of the hearing before the

12   Honorable James T. Teros on the 15th day of May, 2003.

13        APPEARANCES:

14             Mr. Wil Kalinak,
                    Assistant State's Attorney
15                  of Rock Island County,
                    for the People of the State of Illinois
16
               Mr. Raymond Conklin,
17                  Appointed Attorney
                    of Rock Island County,
18                  for the Defendant

19             Defendant not present

20

21   Diane Reason
     Official Court Reporter
22   License No. 083-001274

23

24

ACC150

1        THE COURT: We're here on 94 CF 649 People versus
2    David Allen Greer.  He's not present but his attorney Ray
3    Conklin is here representing Mr. Greer.  Mr. Greer was
4    convicted of first degree murder on a jury trial,
5    sentenced to I believe 60 years in the Illinois Department
6    of Corrections followed by a three year mandatory
7    supervised release period.  The State is present by
8    Assistant State's Attorney Will Kalinak.  We're here on a
9    post conviction petition filed in this matter.  We've had
10   a previous hearing on this matter in which arguments were
11   heard on your petition.  As I understood your petition,
12   Mr. Conklin, it boils down to the evidence presented at
13   the trial based on exhibits that were admitted into
14   evidence.  During the course of the trial Mr. Greer or a
15   certain witness took the witness stand, what was his name,
16   I believe it was --

17        MR. CONKLIN: There were two; Steve Fullman and a Gary
18   Davis.

19        THE COURT:  Gary Davis is the witness, and during the
20   cross examination of Mr. Davis Mr. Kalinak took a
21   statement he had given indicating 1.  That he was
22   impeaching Mr. Davis on his testimony in that case and
23   part of the impeachment went to the fact that Mr. Davis
24   made reference to the fact that he could not understand

2

RLU15.

1   why the defendant Greer had shot the victim, the alleged

2   victim in this case who was, I'm trying to find, where is

3   the complaint in this case.  Who was the victim in this

4   case?

5       MR. KALINAK: I'm thinking it was Brandon Ellison.

6   Let me double check.

7       THE COURT:  Somewhere the original-- can you make a

8   copy of the original Information, Mr. Kalinak, and put it

9   in the file.  For some reason we're missing.

10      CLERK: There's a Volume II that thick, also.

11      THE COURT: Who was the victim, Nelson?

12      MR. CONKLIN: No, Brandon Ellison.

13      THE COURT: Brandon Ellison.  And I believe Mr. Davis'

14  testimony was such that he says I can't understand why he

15  would shoot him because we're both members of the same

16  gang.  At the close of the trial Mr. Kalinak offered the

17  all exhibits into evidence.  There was no objection to

18  that exhibit, the statement given by Mr. Davis being

19  admitted into evidence.  At that time the jury went back

20  and I sent all exhibits back to the jury.  Mr. Zimmer who

21  was defending Mr. Greer in this case objected to the

22  sending of that exhibit.  The jury was out approximately

23  two hours and came back with a guilty verdict on the

24  murder.  And it was your contention, Mr. Conklin, as I

3

1    understood in the last hearing we had in this matter was

2    which was on May 15th was it not, May 15th of 2003.

3        MR. CONKLIN: Sounds right.

4        THE COURT: Your contention was that this was error,

5    which it may have been by the Court probably because there

6    was some evidence in there that made reference to the gang

7    related material.  And at that time I believe I continued

8    this matter for any further argument I believe at that

9    time, and I'm going to correct this on the Record if I

10    didn't say it at that time, I think I indicated the jury

11    had requested these statements.  The jury did not request

12    any exhibits.  They took all the exhibits and returned a

13    verdict within two hours, of guilty in this case.  This

14    case went to the Appellate Court.  And in the Appellate

15    Court Opinion it is said the evidence was overwhelming in

16    this case.  I believe this Opinion is attached to this

17    case where they discussed this area.  Now Mr. Kalinak, I

18    continued it to give you time.  You wanted on check

19    something on from May.  What did you want to check?  What

20    did you want to supplement the record.  I had not made a

21    ruling.

22        MR. KALINAK: I did want to check how long the jury

23    was out and testimony from the alibi witness or the person

24    who broke the alibi.  The Court is correct, Gary Davis did

4

1    make reference to gang membership of both the victim and

2    the defendant and did wonder why a member of the Vice

3    Lords would shoot another member of the Vice Lords.    So

4    in that sense in this particular case it clearly works to

5    the defendant's favor that that was mentioned.

6         THE COURT: Are you claiming this evidence was

7    exculpatory in nature?

8         MR. KALINAK: Yes, it could be seen that way.

9         THE COURT:  Sure.

10        MR. KALINAK: As for the person who took the witness

11   stand and identified the defendant as being on the

12   shooting scene within two minutes of the shooting contrary

13   to the defendant's alibi defense for the record she was a

14   senior citizen grandmother who testified that she had

15   seen, she had known the defendant since he was a small

16   child.  The evidence in this case was overwhelming as

17   evidenced by the jurors being out for two hours and ten

18   minutes.  That was the official calling on the time.  So

19   if there was error by sending this information back to the

20   jury or the reference to gang membership it was error of a

21   slight nature and not reversible error.

22        THE COURT:  How many eye witnesses did you have to

23   the shooting?  It was three, was it not, that identified?

24   Then you had this witness testify that broke, could be


5

1    construed as breaking the alibi of the defendant Mr.

2    Greer.

3        MR. KALINAK: That's correct, three eye witnesses.

4        THE COURT:  To the shooting.

5        MR. KALINAK: Fullman, Davis, well I think there was

6    two eye witnesses.  There was Fullman and Davis and one

7    person who attacked the alibi, the credibility of it.

8        THE COURT: Okay.  Mr. Conklin, have I stated your

9    position accurately you argued it last time?

10        MR. CONKLIN: Yes.

11        THE COURT: Do you have anything further you wish to

12    add?

13        MR. CONKLIN: No, sir.

14        THE COURT: I think when you look at the evidence in

15    the Appellate Court Opinion as a whole you had two actual

16    eye witnesses seeing the defendant shooting, Mr. Greer.

17    The defense called Mr. Davis and the Court made him a

18    court witness I believe at the request of all people.  But

19    the question was it proper to impeach on that exhibit, the

20    statement given by Davis.  The Appellate Court has ruled

21    that was proper and it was admitted into evidence.  It

22    said at that time if the defense were to object to that

23    admission of those exhibits it should have done so at that

24    time.  Once it was admitted into evidence then it was

6

KGC15

1  discretionary on the part of the Court to send it back to

2  the jury room.  Upon retrospect I think probably I should

3  not have sent it back to the jury.  But I did send it back

4  to the jury and it may be error.  The only problem is I

5  don't think it is crucial error or plain error as you have

6  called it in your response in this case, Mr. Kalinak.  The

7  evidence was overwhelming and the alibi witness or the

8  witness who broke the alibi of the defendant made this

9  case I believe it was the Appellate Court referred to as

10  overwhelming evidence in this case.  Just let me look.

11  They address, I would say in the Appellate Court Opinion

12  they address the issue of going to the jury room, of an

13  exhibit going back to the jury room.  The Appellate Court,

14  the Appellate Court Opinion on the Greer case indicated

15  that turning to the merits of the Defendant's argument

16  this is at page two, a trial judge's decision to what

17  evidence may go to the jury room during deliberations will

18  not be overturned absent an abuse of discretion citing

19  People versus Lambert.  An abuse of discretion is only

20  when the trial court's ruling is arbitrary, fanciful, or

21  unreasonable or when no reasonable person would take the

22  view adopted by the trial court.  Here the statement was

23  admissible under sub section 115-12 of Criminal Code 725

24  Illinois Compiled Statute Article 5 Section 115-12 as a

7

1   prior consistent statement of identification since the

2   evidence was in fact admissible we find nothing in the

3   record to support a conclusion that permitting the

4   evidence to go to the jury was an abuse of discretion.

5   That was in the Appellate Court Opinion.  In addition, the

6   Appellate Court had said the evidence was overwhelming in

7   this case.  And I would have to agree with the

8   prosecution; it was actually, it was exculpatory

9   evidence.  Now, I also note that on hind sight I probably

10  should not have let that exhibit go  back.  But I did let

11  it go  back.  It might be error but it does not rise to

12  the magnitude of error that would grant a new trial on

13  this matter based on the evidence in this case.  With that

14  I would deny the motion for post conviction relief.  And

15  with that I would deny the order that the petition for

16  post conviction relief be dismissed.  You prepare the

17  appropriate order, Mr. Kalinak.

18       MR. KALINAK: Yes.

19       THE COURT:  Does that cover that then, gentlemen?

20       MR. CONKLIN: Yeah, just make sure -- Will make sure

21  that when you do.

22       THE COURT:  The jury did not request, did not request

23  the exhibits.

24            WHICH WAS ALL OF THE EVIDENCE OFFERED AND

8

1    RECEIVED AND ALL OTHER PROCEEDINGS HAD IN

2    THE HEARING OF THE ABOVE CAUSE.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24