E-FILED
Tuesday, 03 October, 2006  02:17:41 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID ALLEN GREER, ) | |
| Petitioner, ) | |
| v. ) | Case No. 06-4048 |
| AUSTIN SCOTT RANDOLPH, Warden, ) | |
| Respondent. ) | |

### O R D E R

Now before the Court is Petitioner, David Greer's ("Greer"), Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  For the reasons set forth below, the Petition [#1] is DISMISSED.

### FACTUAL BACKGROUND

Following a jury trial in the Circuit Court of Rock Island County, Illinois, Greer was found guilty of first-degree murder.  He was sentenced to 50 years' imprisonment.  On appeal, the Illinois Appellate Court reversed Greer's conviction and remanded the case for a new trial.  The second jury found him guilty of first-degree murder, and he was again sentenced to 50 years' imprisonment.

On appeal, Greer argued that: (1) the trial court erroneously allowed the jury to review the transcripts of prior consistent statements by Steve Fuhlman and Gary Davis ("Davis"), the eyewitnesses for the state, and (2) the trial court erred in allowing Davis to testify as the court's witness.  His conviction and sentence were affirmed on December 28,

2001. Greer then filed a Petition for Leave to Appeal to the Illinois Supreme Court, which was denied on May 30, 2002.

On July 15, 2002, Greer filed a post-conviction petition in the trial court in which he argued that he had received ineffective assistance from both trial and appellate counsel. His petition was denied on August 18, 2003. Although Greer appealed the denial of his post-conviction petition, counsel was allowed to withdraw pursuant to Pennsylvania v. Finley, 481 U.S. 551 (1987), and the Illinois Appellate Court denied his appeal on March 1, 2005. His Petition for Leave to Appeal was denied by the Illinois Supreme Court on March 29, 2005.

On July 10, 2006, Greer filed a second post-conviction petition seeking relief from judgment pursuant to 735 ILCS 5/2-1401. These state court proceedings appear to be ongoing.

Greer has now filed the present Petition for Writ of Habeas Corpus pursuant to § 2254, in which he argues that he was denied a fair trial because prospective jurors were never questioned about gang bias and that trial counsel was ineffective. The State filed its response in the form of a Motion to Dismiss, and this Order follows.

## LEGAL STANDARD

Before reaching the merits of a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, a district court must consider "whether the petitioner exhausted all available state remedies and whether the petitioner raised all his federal claims during the course of the state proceedings." Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991), *quoting* Henderson v. Thieret, 859 F.2d 492, 496 (7th Cir. 1988). If the answer to either of these questions is "no," then the failure to exhaust state remedies or procedural default bars the

petition.  Id.  In other words, if a petitioner fails to give the state courts a full and fair opportunity to review his claims, then his petition must fail.  Bocian v. Godinez, 101 F.3d 465, 468-69 (7th Cir. 1996).

Exhaustion of a federal claim occurs when it has been presented to the highest state court for a ruling on the merits or when it could not be brought in state court because a remedy no longer exists when the federal petition is filed.  Id.  In the present case, Respondent argues that Petitioner has failed to exhaust his state remedies.

## DISCUSSION

Under § 2254, a petition for habeas corpus relief cannot be considered unless: (1) the applicant has exhausted the remedies available in the courts of the State, or (2) there is an absence of available States corrective proceedings.  28 U.S.C. § 2254(b)(1).  Thus, a federal habeas corpus petition "should be dismissed if the prisoner has not exhausted available state court remedies as to any of his federal claims."  Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004); Coleman v. Thompson, 501 U.S. 722, 731 (1991).  This practice supports comity between the federal and state courts by ensuring that state courts have the first opportunity to address and correct potential violations of a petitioner's federal rights.  Perruquet, 390 F.3d at 513; O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

Here, Greer has not exhausted available state remedies.  Greer's latest motion for relief remains pending in the trial court and has not yet been presented to either the Illinois Appellate Court or the Illinois Supreme Court for review.  As such, his Petition must be dismissed for failure to exhaust.

## CONCLUSION

For the reasons set forth herein, Greer's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [#1] is DISMISSED for failure to exhaust. This matter is now terminated.

ENTERED this 3rd day of October, 2006.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge
