E-FILED
Tuesday, 24 October, 2006 09:29:50 AM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCKISLAND DIVISION

FILED
OCT 23 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

United states of America ex rel.
**DAVID ALLEN GREER,**

Petitioner,

**AUSTIN RANDOLPH,** Warden,
Illinois River Correctional Center,

Respondent.

No.06-4048

The Honorable
**Michael M. Mihm,**
Judge Presiding.

**MOTION TO RESPOND TO THE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

**NOW COMES, THE PETITIONER DAVID ALLEN GREER, PRO SE,AND PURSUANT TO 28 U.S.C. §2254(b)(1), HEREBY FILES THIS MOTION TO RESPOND TO REPONDENT"S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS, AND IN OPPOSITION TO RESPONDENT MOTION TO DISMISS PETITION. MEMORANDUM OF FACT AND LAW IN SUPPORT ON ORDER OF COURT HAD ENTERED AND ISSUED TUESDAY SEPTEMBER 26, 2006 RESPECTFULLY IN SUPPORT THEREOF, PETITIONER STATES AS FOLLOWS:**

1.Petitioner, David Allen Greer, indentified as prisoner #N-72100, is incarcerated at Illinois River Correctional Center in Canton, Illinois where he is in the custody of the Warden of that facility, Austin Randolph.

2. Petitioner concedes his Procedure Default, but argues that this court should consider his claim under the "plain error" Rules, this plain error Rule permits a reviewing court to take notice of errors which were not brought to the attention of the trial court where the evidence is closely balanced or where the nature of the error is such as to deprive the accused of his constitutional rights.

3. Petitioner also stands by his petition before you that my trial attorney was ineffective plus defaulted and waived the (2) statements that the Respondent are claiming "Default" because he didn't properly admitted the evidence into the trial without this properly objection

therefore waiving those issues for Appellate Review. **People v. Towns, 157 Ill. 2d 90, 623 N.E. 2d 269, 273, 191 Ill. Dec. 24 (1993); People v. Willie Young, No. 1.99.0450.**

**4.** Petitioner believe that the Honorable Judge James Teros was very Bias for granting this motion of Limine (see exhibit- Motion of Limine) then allowing the statement of (Gang Testimony) to go to the Jury room without the proper jury instructions, also in the Post-Conviction Petition Hearing he states that he- "shouldn't have sent that statement back to the jury because it contained Gang Testimony in them". see Exhibit 4, 8, 9 & 10 attached.

**CONCLUSION**

Wherefore, Petitioner prays that this Honorable Court Grants his motion to Respond to the Motion to Dismiss Petition for Writ of Habeas Corpus and allow him to proceed for all of the foregoing reasons.

Respectfully Submitted,

/s/ David D. Greer N.72100

David Greer, IDOC # N72100
Illinois River Corr. Center
P.O. Box 1900
Canton, Illinois 61520
Petitioner Pro-se.

Subscribed and Sworn to before Me

this 17th day of October, 2006

/s/ Don A. Burkhart

"OFFICIAL SEAL"
Don A. Burkhart
Notary Public, State of Illinois
My Commission Exp. 08/22/2008

E-FILED
Tuesday, 24 October, 2006 09:30:03 AM
Clerk, U.S. District Court, ILCD

MOTION IN LIMINE

Exhibit

attached

out

IN THE CIRCUIT COURT OF THE FOURTEENTH JUDICIAL CIRCUIT
ROCK ISLAND COUNTY, ILLINOIS
GENERAL DIVISION

FILED in the CIRCUIT COURT of ROCK ISLAND COUNTY GENERAL DIVISION
MAY - 3 1999
Clerk of the Circuit Court

PEOPLE OF THE STATE OF ILLINOIS, Plaintiff,

vs. No. 94 CF 649

DAVID GREER, Defendant.

**MOTION IN LIMINE**

Now comes the Defendant, DAVID GREER, by his Attorney Richard A. Zimmer, and moves this Court for an order barring any testimony relating to gangs as such testimony is not relevant and would serve no purpose but to influence the jury and prejudice the jury against the Defendant.

WHEREFORE the defendant requests any testimony relating to gangs be barred.

Respectfully submitted,

RICHARD A. ZIMMER

RICHARD A. ZIMMER, P.C.
Attorney at Law
1608 8th Street
P.O. Box 397
East Moline, IL 61244
(309) 755-5239

PROOF OF SERVICE
... certifies that the fore... to the above cause... at their respective ad...
... May 3, 1999

0000300

IMAGED

**E-FILED**
Tuesday, 24 October, 2006 09:30:14 AM
Clerk, U.S. District Court, ILCD

EXHIBITS

4, 8, 9 & 10

ATTACHED

understood in the last hearing we had in this matter was which was on May 15th was it not, May 15th of 2003.

MR. CONKLIN: Sounds right.

Very Key Point

THE COURT: Your contention was that this was error, which it may have been by the Court probably because there was some evidence in there that made reference to the gang related material. And at that time I believe I continued this matter for any further argument I believe at that time, and I'm going to correct this on the Record if I didn't say it at that time, I think I indicated the jury had requested these statements. The jury did not request any exhibits. They took all the exhibits and returned a verdict within two hours, of guilty in this case. This case went to the Appellate Court. And in the Appellate Court Opinion it is said the evidence was overwhelming in this case. I believe this Opinion is attached to this case where they discussed this area. Now Mr. Kalinak, I continued it to give you time. You wanted on check something on from May. What did you want to check? What did you want to supplement the record. I had not made a ruling.

MR. KALINAK: I did want to check how long the jury was out and testimony from the alibi witness or the person who broke the alibi. The Court is correct, Gary Davis did



AUG 15

prior consistent statement of identification since the evidence was in fact admissible we find nothing in the record to support a conclusion that permitting the evidence to go to the jury was an abuse of discretion. That was in the Appellate Court Opinion. In addition, the Appellate Court had said the evidence was overwhelming in this case. And I would have to agree with the prosecution; it was actually, it was exculpatory evidence. Now, I also note that on hind sight I probably should not have let that exhibit go back. But I did let it go back. It might be error but it does not rise to the magnitude of error that would grant a new trial on this matter based on the evidence in this case. With that I would deny the motion for post conviction relief. And with that I would deny the order that the petition for post conviction relief be dismissed. You prepare the appropriate order, Mr. Kalinak.

MR. KALINAK: Yes.

THE COURT: Does that cover that then, gentlemen?

MR. CONKLIN: Yeah, just make sure -- Will make sure that when you do.

THE COURT: The jury did not request, did not request the exhibits.

WHICH WAS ALL OF THE EVIDENCE OFFERED AND



A00152

been part of the gang and probably was error on my part.

MR. CONKLIN: Well, let me say this. The issue of the Appellate Court had nothing to do with the substance of the statements. That was reference to gangs. It had to do whether the defense attorney within the context of the defense attorney not objecting to those statements going back to have the jury whether the trial court can send statements, the answer to that is yes.

The point that I am trying to make in post conviction, as we all know the case law in Illinois is quite clear. You don't gratuitously make reference to oh, by the way, this guy is a gang member and that's what happened.

This court in this second trial, the court, the prosecution attempted to put on evidence or testimony from the witnesses why were you so reluctant to go forward? The answer is going to be because the defendant is a gang member and I am afraid of gang members. You sustained the objection.

THE COURT: I stopped it in the first trial.

MR. CONKLIN: Then the defense attorney during trial made an oral motion in limine to exclude reference to the defendant as being a Vice Lord, you granted. So if you are asking me generically is membership in a gang prejudicial

R00150

to the defendant, look at the court's rulings in that case. Then we turn around and put in two statements which make reference to mug shots, membership in the Vice Lords and I think inferentially you would have to come from Mars to not realize that reference to the guy who is selling drugs everyday.

THE COURT: But in lieu of the fact of all the evidence is that the type of error that would change the outcome of the case?

MR. CONKLIN: Let me say this, judge. I don't mean this facetiously. When I do post conviction the court asks that question a lot. I wasn't around for this trial. You were. Mr. Kalinak was. Mr. Zimmer was. I find I can't answer those questions because I wasn't there for the first trial.

THE COURT: As we sit here though we don't know at this point whether or not those statements were cleaned up or not. We need to check the exhibits. They may not be the same statements that went back.

MR. CONKLIN: I am assuming they are. There was nothing in the transcripts, no discussion about cleaning them up.

MR. KALINAK: As the court pointed out, there was a reference by Gary Davis we are all fellow gang members,